FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2013 OCT 18 PM 1:59

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSH BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **1:13-cv-1667 SEB-DML** |
| | ) |
| THE CITY OF MUNCIE, RANDOLPH COUNTY, TOM PULLINS, in his individual and official capacity as an officer of the RANDOLPH COUNTY SHERIFF'S DEPARTMENT, GEORGE HOPPER, in his individual and official capacity of the MUNCIE POLICE DEPARTMENT, and ROBERT SCAIFE, in his individual and official capacity as an officer of the MUNCIE POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Josh Baker, and for his cause of action against Defendants, the City of Muncie, Randolph County, Tom Pullins, George Hopper and Robert Scaife, alleges and states as follows:

### I. JURISDICTION

1. This Complaint seeks *inter alia* damages pursuant to 42 U.S.C.A. 1983 and 42 U.S.C.A. 1988 for violation of Plaintiff's civil rights, Fourth Amendment of the United States Constitution and for related state law claims.

2. Jurisdiction is founded on 28 U.S.C.A. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. § 1367.

## II. VENUE

3. The acts or omissions giving rise to Plaintiff's claims arose in Delaware County, Indiana. Thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in the United States District Court, Southern District of Indiana, Indianapolis Division.

## III. PARTIES

4. During all times mentioned in this Complaint, Plaintiff, Josh Baker was a United States Citizen and a resident of Delaware County, Indiana.

5. Defendant, City of Muncie, is a local government subdivision in Indiana and created and existing by virtue of the laws of Indiana. The Muncie Police Department is a department of the City of Muncie.

6. Defendant, Randolph County, is a local government subdivision in Indiana created and existing by virtue of the laws of Indiana. The Randolph County Sheriff's Department is a department of Randolph County.

7. Defendant, Tom Pullins, unless indicated otherwise, was at all times described as an employee of the Randolph County Sheriff's Department, employed as a sworn officer acting in the course and scope of his employment. Defendant Pullins is sued both in his personal and official capacities.

8. Defendant, George Hopper, unless indicated otherwise, was at all times described as an employee of the Muncie Police Department, employed as a sworn officer acting in the course and scope of his employment. Defendant, Hopper is sued both in his personal and official capacities.

9. Defendant, Robert Scaife, unless indicated otherwise, was at all times described as an employee of the Muncie Police Department employed as a sworn officer acting in the course and scope of his employment. Defendant, Scaife is sued both in his personal and official capacities.

10. At all times mentioned in this Complaint, the individual Defendants and each of them were acting under the color of state law.

## IV.     FACTUAL ALLEGATIONS

11. On October 18, 2011, Josh Baker was a resident at the property located at 727 North Madison Street, Muncie, Indiana ("727 North Madison"). He lived with a woman by the name of Heather Miller.

12. On October 18, 2011, Randolph County Sheriff's Detective Pullins contacted the Muncie Police Department and asked for assistance in locating and questioning Mr. Baker and Ms. Miller based on an alleged robbery that had occurred in Randolph County.

13. Mr. Baker was taken into custody and transported to the Muncie Police Department's Criminal Investigation Division to be questioned by Randolph County Detective Pullins. While at the Muncie Police Department Criminal Investigation Division, Ms. Miller allegedly gave her consent to search the property located at 727 North Madison.

14. Defendants Hopper and Scaife conducted the search of 727 North Madison. Investigators Hopper and Scaife assisted Defendant Pullins in the search.

15. During the search, Defendant Pullins erroneously informed Investigators Hopper and Scaife that Mr. Baker was a drug abuser who crushed pills into powder and snorted the powder.

16. Defendants Hopper and Scaife were told that the Randolph County Sheriff's department was <u>not</u> interested in any narcotics found in the residence, only the cash that might have been stolen in Randolph County.

17. During the search of Mr. Baker's residence, Investigator Scaife noticed a velvet bag at the residence. Defendant Scaife opened the bag and saw a chrome colored vial. Defendant Scaife opened the vial and found that it contained a grey powder. Defendant Scaife put the chrome colored vial on the kitchen counter and continued the search.

18. After completing his search, Defendant Hopper took off his latex gloves and put the open chrome vial and the latex gloves in a garbage can located outside the residence, allowing all of the grey powder to fall to the bottom of the garbage can. The bottom of the garbage can was filled with rainwater.

19. Defendant Hopper failed to follow police procedure in field testing the gray powder substance to determine if it was an illicit or prescription drug. Defendant Hopper violated Muncie Police Department Rules and Regulations: 1.2 General Rules of Conduct, Paragraph IV(a) and 2.16 Property/Evidence Control, III(A-1).

20. Defendant Hopper violated Mr. Baker's rights under the Indiana and United States Constitution when he intentionally destroyed property belonging to Mr. Baker.

21. The chrome colored vial that Defendant Hopper picked up and negligently discarded in a garbage can filled with rainwater was in fact the urn and ashes of Mr. Baker's deceased mother. Because Defendant's Hoppers actions in negligently discarding the remains of a human in a garbage can along with the urn, Mr. Baker no longer has ashes of his deceased mother.

4

22. Upon his return to 727 North Madison Street, a few hours after being taken to Muncie Police Department Criminal Investigation Division, Mr. Baker immediately started looking for the urn. Mr. Baker, having searched for the urn and not finding it, contacted the Muncie Police Department and was told to look in the garbage can outside the property. Mr. Baker found the ashes of his recently deceased mother floating in the garbage can.

23. Defendants Pullins and Scaife failed to protect Mr. Baker's rights under the Indiana and United States Constitutions by allowing Defendant Hopper to destroy property belonging to Mr. Baker.

24. In accordance with Indiana statute, Defendants were timely served with a Notice of Tort Claim as to all state law claims on March 21, 2013.

25. Pursuant to Indiana statute, the Plaintiffs claims have been constructively denied as Defendants have had more than 90 days to investigate the claim, but have failed to respond.

## V. CLAIMS FOR RELIEF

### First Claim for Relief – Violation of Fourth Amendment Rights

26. Mr. Baker realleges and incorporates by reference paragraphs 1 through 25 as fully set forth here.

27. Defendants Hopper, Scaife and Pullins unlawfully seized and destroyed personal property belonging to Mr. Baker by intentionally, unreasonably and without cause throwing away his deceased mother's ashes.

28. Defendants Hopper Scaife and Pullins seizure and destruction of personal property belonging to Mr. Baker were a violation of Mr. Baker's Fourth Amendment rights.

29. As a result of Defendants Hopper, Scaife and Pullins' actions Mr. Baker has suffered extensive damages.

### Second Claim for Relief – Negligence in Following Muncie Police Department Rules and Regulations

30. Mr. Baker realleges and incorporates by reference paragraphs 1 through 29 as fully set forth here.

31. Muncie Police Department Rules and Regulations: 1.2 General Rules of Conduct, Paragraph IV(a) and 2.16 Property/Evidence Control, III(A-1) exist to protect the public and their property.

32. Defendants Hopper, Scaife and Pullins violated Muncie Police Department Rules and Regulations: 1.2 General Rules of Conduct, Paragraph IV(a) and 2.16 Property/Evidence Control, III(A-1) by not field testing the grey powder substance to determine if it was an illicit or prescription drug.

33. Had Defendants Hopper, Scaife and Pullins followed Muncie Police Department Rules and Regulations they would have easily determined that the grey powder was not illicit drugs, but rather the ashes of Mr. Baker's deceased mother. Furthermore, had the Muncie Police Department Rules and Regulations been followed the ashes and the urn would not have ended up in a trash can filled with rain water.

34. As a direct and proximate result of Defendants Hopper, Scaife and Pullins' negligence in not following Muncie Police Department Rules and Regulations, Mr. Baker has suffered damages, pain and suffering and emotional distress.

### Third Claim for Relief - Negligent Hiring, Supervision and Retention Against the City of Muncie and Randolph County

35. Mr. Baker realleges and incorporates by reference paragraphs 1 through 32 as fully set forth here.

36. Defendants, City of Muncie and Randolph County, negligently hired, supervised and/or retained Defendants, Hopper, Scaife and Pullins when it knew or should have known that one or more of the Defendant officers had propensity towards violating police department rules and regulations in situations such as that presented to the Defendant officers on October 18, 2011, or were otherwise unfit for serving as police officers.

37. The negligent hiring, supervision, and retention by Defendants, City of Muncie and Randolph County, of one or more of the Defendant officers was a proximate cause of destruction of personal property belonging to Mr. Baker.

38. As a direct and proximate result of Defendants' negligent hiring, supervision and retention of one or more of the Defendant officers, Mr. Baker has been damaged.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. Compensatory damages against each Defendant jointly and severally in an amount to be proven at trial;

2. Punitive and exemplary damages against each of the Defendant officers (as allowed by law) in an amount appropriate to punish each individual Defendant officer, and deter others from engaging in similar conduct; costs of suit;

3. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and as otherwise authorized by statute or law; and

4. Pre and post judgment interest as permitted by law.

## JURY DEMAND

Comes now, the Plaintiff, Josh Baker, by counsel and hereby demands trial by jury against the Defendants on all issues set forth in this cause of action.

Respectfully Submitted,

*[signature]*

M. Edward Krause III, #24986-49
COHEN GARELICK & GLAZIER
8888 Keystone Crossing Boulevard, Suite 800
Indianapolis, Indiana 46240
Telephone: (317) 573-8888
Facsimile: (317) 574-3855
ekrause@cgglawfirm.com
*Attorneys for Plaintiff*

M. Edward Krause III, #24986-49
COHEN GARELICK & GLAZIER
8888 Keystone Crossing Boulevard, Suite 800
Indianapolis, Indiana 46240
Telephone: (317) 573-8888
Facsimile: (317) 574-3855
ekrause@cgglawfirm.com